790 F.2d 8
 24 ERC 1345, 16 Envtl. L. Rep. 20,768
 STATE OF MAINE, Petitioner,
v.
John S. HERRINGTON, Secretary of Energy, Ben C. Rusche,
Director of the Office of Civilian Radioactive
Waste Management, and U.S. Department of
Energy, Respondents.
STATE OF NEW HAMPSHIRE, Petitioner,
v.
U.S. DEPARTMENT OF ENERGY, Respondent.
 Nos. 86-1112, 86-1125.
 United States Court of Appeals,
First Circuit.
 Argued April 7, 1986.
Decided May 1, 1986.
 
 Philip Ahrens, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., James T. Kilbreth, III, Peter J. Brann and Thomas D. Warren, Augusta, Me., were on memorandum in support of petition for review for State of Maine.
 Harrison L. Richardson and Robert M. Knight, Portland, Me., on brief, for Maine Congressional Delegation, amici curiae.
 Peter G. Beeson, Asst. Atty. Gen., with whom Bradford W. Kuster, Asst. Atty. Gen., and Stephen E. Merrill, Atty. Gen., Concord, N.H., were on brief, for State of N.H.
 John A. Bryson, Dept. of Justice, with whom Martin W. Matzen, Dept. of Justice, F. Henry Habicht, II, Asst. Atty. Gen., and Gregory Fess, Office of General Counsel, Dept. of Energy, Washington, D.C., were on brief, for Dept. of Energy.
 Before BOWNES, BREYER and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 The states of Maine and New Hampshire ask us to order the Department of Energy (DOE) to give them additional time within which to file comments about the merits of a proposed administrative action. The action in question is whether or not to include certain geographic areas within the two states on a preliminary list (the "Area Recommendation Report") of twelve possible sites for future storage of nuclear waste. DOE will eventually nominate at least three of the twelve "candidate" sites for selection of a final site by the President or Congress. 42 U.S.C. Sec. 10132(b). DOE has given the states ninety days to develop and to file the comments--a period of time that ended April 16, 1986. The states argue that DOE's failure to give them more time violates various regulations and statutes. DOE, in addition to presenting answers to these arguments, has moved to dismiss on the ground that the states' petitions for review are premature. Indeed, it claims that Congress prohibited court review of its actions in this area until DOE completes its final list of sites sometime in 1989.
 
 
 2
 While we do not now determine the merits of this last mentioned DOE claim, we agree that the states' request for review is premature, because the specific administrative action appealed from--DOE's refusal to extend its comment period--is not, in the context of this administrative proceeding, sufficiently "final" to permit court review. 42 U.S.C. Sec. 10139(a)(1)(A). See Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Roosevelt Campobello International Park Commission v. EPA, 684 F.2d 1034, 1039-41 (1st Cir.1982). For one thing, DOE may well allow these states to present all the comments they wish to present. DOE has recently moved its expected Report publication date from July to November; and DOE now says that it will accept late comments insofar as feasible. In addition, DOE may decide not to include Maine or New Hampshire sites on its "Area Recommendation Report." Should either of these events occur, the present controversy over "comment time" will evaporate.
 
 
 3
 For another thing, the ruling appealed from is but one of several procedural steps that will lead to a more substantive and more "final" administrative order. Such interlocutory procedural rulings are rarely reviewable, lest courts, through premature review, unnecessarily entangle themselves "in abstract disagreements over administrative policies" or unwisely interfere with agency decision-making before the "decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. at 148-49, 87 S.Ct. at 1515. See Roosevelt Campobello International Park Commission v. EPA, 684 F.2d at 1040; Northeast Airlines, Inc. v. CAB, 345 F.2d 662, 664 (1st Cir.1965); Magnolia Petroleum Co. v. Federal Power Commission, 236 F.2d 785, 791 (5th Cir.1956), cert. denied, 352 U.S. 968, 77 S.Ct. 356, 1 L.Ed.2d 322 (1957).
 
 
 4
 Finally, the petitioners cannot be significantly harmed by this postponement of review. We recognize that Maine and New Hampshire argue that simply including their sites on next November's "Area Recommendation Report" will harm their residents enough to warrant judicial review. And, we do not now reject that argument. Rather, we believe that this argument should be made later when the Report is made. If the "Area Recommendation Report" includes sites in New Hampshire or Maine or both, those states can seek court review of the Report when it is promulgated, then raising their present procedural claims as arguments against the lawfulness of its promulgation. In light of the general presumption in favor of reviewability of administrative action, Abbott Laboratories v. Gardner, 387 U.S. at 140-41, 87 S.Ct. at 1510; American School of Magnetic Healing v. McAnnulty, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90 (1902); L. Jaffe, Judicial Control of Administrative Action 336-59 (1965), a court may prove willing to review the adequacy of the procedures that led to the promulgation of the "Area Recommendation Report." If so, the states will have suffered no harm through this postponement.
 
 
 5
 On the other hand, DOE may well oppose this later court review of the Report, even as to procedural adequacy. See 42 U.S.C. Sec. 10132(e); Texas v. United States Department of Energy, 764 F.2d 278 (5th Cir.), cert. denied, --- U.S. ----, 106 S.Ct. 531, 88 L.Ed.2d 463 (1985). But cf. Nevada v. Herrington, 777 F.2d 529 (9th Cir.1985). Should DOE prove correct in its argument that court review of the Report is unavailable, however, review of the yet more preliminary decision now before us would have been legally barred a fortiori. That is to say, we have found no plausible argument suggesting the appropriateness of review now that does not with equal, or greater, strength suggest that later review of the "Area Recommendation Report" is also appropriate; conversely, the arguments against review then, apply with equal or greater force now. Hence, we see no reason not to wait, postponing our consideration of the parties' arguments until after DOE promulgates its "Area Recommendation Report."
 
 
 6
 In sum, because the issues are not now suitable for review and because postponement until the Report issues does not significantly harm the parties, we conclude that the issues are not yet ripe for review. That is to say, the administrative decision now appealed from is not sufficiently "final" to warrant review. 42 U.S.C. Sec. 10139(a)(1)(A). The Department of Energy's motion to dismiss the petitions for review is therefore
 
 
 7
 Granted.